UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

**CIVIL ACTION NO. 1:11-CV-00100-JHM**

**PATRICIA ANN KEY**                                                              **PLAINTIFF**

**V.**

**UNITED STATES OF AMERICA**                                              **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion by the Defendant, United States of America, for summary judgment [DN 35]. Fully briefed, it is ripe for decision.

### I. STANDARD OF REVIEW

Before the Court may grant a motion for summary judgment, it must find that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of specifying the basis for its motion and identifying that portion of the record that demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show that there is some "metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Instead, the Federal Rules of Civil Procedure require the non-moving party to present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine

dispute[.]" Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson, 477 U.S. at 252. It is against this standard the Court reviews the following facts.

## II. BACKGROUND

On December 10, 2008, Plaintiff Patricia Key entered the Cave City Post Office at approximately 12:15 p.m. (Complaint at ¶ 9.) Plaintiff has a post office box at the location and for years it has been her usual custom to make a daily weekday trip to the facility. (Patricia Key Dep at 30-31.) On her previous visits to the post office, she has noticed, but has never had a problem with, the floor mat that sits just inside the doorway of the post office. Upon entering the premises on December 10, Plaintiff alleges that she tripped over a folded rug and fell to the ground suffering severe physical injuries, including left proximal humerus fracture and loss of use and enjoyment of her left arm which required extensive surgery and physical therapy. (Complaint at ¶ 10.) Plaintiff testified that when she entered the post office that day, she did not see whether the rug was folded or flat on the floor. (Key Dep. at 40-41.) According to Plaintiff, she tripped and fell, the only thing on the floor was the rug, and when she landed she thought she looked back and saw the rug rolled. (Id. at 41-42.) Postmaster Eddie Joe Newberry testified that he observed the condition of the mat *after* Plaintiff had fallen. According to Newberry, "it was just rolled up, rolled over, like where she had come in the door, hung her toe in it, and pulled it up." (Eddie Newberry Dep. at 42.)

The Cave City Post Office does not own the mat in question. The United States Postal Service has a national contract with the Cintas Corporation ("Cintas") which provides a mat to the Cave City Post Office on a biweekly basis. Pursuant to the contract between Cintas and the United

States Post Office, Cintas was required to supply items, including mats, that conform to Occupational Safety and Health Standards. The decisions concerning the brand and make of the mat were made by Cintas in conformity with Cintas contract. The record reflects that Cintas delivered the subject mat on December 5, 2012, five days before Plaintiff's fall, and placed the mat.

As a result of her injuries, Plaintiff filed this premises liability claim against the Defendant pursuant to the Federal Tort Claims Act ("FTCA"). Plaintiff asserts that the Defendant negligently maintained the Cave City Post Office causing the Plaintiff substantial injuries. Defendant now moves for summary judgment arguing that (1) the Court lacks subject matter jurisdiction over Plaintiff's claims regarding the structural deficiencies of the subject mat, (2) Plaintiff has no evidence of a "folded up" mat prior to her fall, and (3) any trip hazard alleged was open and obvious. The Court considers these arguments in turn.

### III. DISCUSSION

**A. Negligence: Structural Deficiencies of the Mat**

Defendant argues that the Court lacks subject matter jurisdiction over Plaintiff's claims regarding the structural deficiencies of the subject floor mat supplied by Cintas, an independent contractor. The record reflects that the United States contracted with Cintas to provide mats for the post office. Under the FTCA, the United States waived its sovereign immunity for the negligent acts of government employees acting within the scope of their employment. 28 U.S.C. § 1346(b). Independent contractors are not government employees. 28 U.S.C. §2671; Ayon v. Northeast Ohio Correctional Center, 478 Fed. Appx. 999, 1000 (6th Cir. June 22, 2012). Thus, the Defendant argues that the United States is not liable for any negligence attributed to Cintas, the contractor, rather than an employee of the United States Post Office. Plaintiff failed to address this argument in response

3

to the motion for summary judgment. Based upon the case law cited by Defendant, the Court finds that any claim for negligence related to the structural deficiency of the mat in question cannot be the basis of liability under the FTCA, and therefore, summary judgment is proper as it relates to this claim.

### B. Premises Liability

To hold a defendant liable for negligence under Kentucky law, the plaintiff must demonstrate that the defendant owed the plaintiff a duty, that the defendant breached that duty, that this breach caused an injury to the plaintiff, and that the plaintiff suffered damages. Pathways, Inc. v. Hammons, 113 S.W.3d 85, 88 (Ky. 2003). As a general rule, an owner or possessor of land has a duty to protect an invitee from physical injuries caused by dangerous conditions on the property, whether known or unknown to the invitee. See Restatement (Second) of Torts § 343 (1965). Plaintiff asserts that Defendant owed her a duty as an invitee on Defendant's property. See Horne v. Precision Cars of Lexington, Inc., 170 S.W.3d 364, 367 (Ky. 2005). Defendant argues that summary judgment is appropriate on the premises liability claim because the Plaintiff has failed to put forth any evidence regarding the dangerous condition of the mat prior to the fall and because there are no genuine disputes of material fact regarding whether the "trip hazzard" was open and obvious under Kentucky River Medical Center v. McIntosh, 319 S.W.3d 385 (Ky. 2010). The Court considers these arguments in turn.

#### 1. Causation

Under Kentucky law, Plaintiff has the burden of proving that a dangerous condition existed on the premises that caused her injury before the burden shifts to the United States to establish that it exercised reasonable care. Martin v. Mekanhart Corp., 113 S.W.3d 95, 98 (2003); Brownd v.

Wal-Mart Stores East, Ltd. Partnership, 2012 WL 777267 (W.D. Ky. March 7, 2012). The Plaintiff provides no evidence as to the condition of the mat prior to her fall. In fact, the Plaintiff testified that she did not know the condition of the mat before she fell. (Key Dep. at 40-42.) Plaintiff stated that the "[o]nly thing I know is when I landed on the floor I think I looked back and I saw the rug and it was rolled." (Id. at 40-41.) After being questioned further by defense counsel, Plaintiff testified that "I just tripped . . . . [t]here was something there that tripped me. . . . Evidently, it was the rug. That was the only thing that was on the floor." (Id. at 42.) Plaintiff relies on her deposition testimony and the condition of the rug after her fall to support her claim that the rug was "folded" prior to her fall and presented an unreasonably dangerous condition. At most, the evidence reflects that Plaintiff believes that after she tripped, the mat was rolled. Given the current record, there is a *possibility* that her fall was caused by a folded mat. But the evidence of causation is at best speculative. See Paynev. U.S. Postal Service, 2013 WL 173951, *4-5 (W.D. Ky. Jan. 16, 2013); Brownd, 2012 WL 777267, *5. Notwithstanding, even if the Court were to find a genuine dispute of material fact exists concerning the condition of the mat at the time of Plaintiff's entry into the post office, the Court finds that summary judgment is still appropriate.

### 2. Open and Obvious

In Kentucky River Medical Center v.McIntosh, 319 S.W.3d 385 (Ky. 2010), the Kentucky Supreme Court modified the open and obvious doctrine of premises liability. Id. at 389–90. The case arose when a paramedic tripped over an unmarked curb located between an ambulance dock and a hospital's emergency room doors, suffering a fractured hip and sprained wrist. Id. at 387–90. At the time of the fall, the paramedic was not focused on the curb. Instead, she was helping transport a critically-ill patient into the hospital's emergency room. Id.

The hospital moved for summary judgment, arguing that the open and obvious doctrine barred the paramedic's recovery. McIntosh, 319 S.W.3d at 388. Its motion was denied by the trial court. On appeal, the denial was affirmed, and the Kentucky Supreme Court granted discretionary review. Id. In its decision, the Kentucky Supreme Court affirmed the lower courts' ruling. Id. at 387. In so doing, it adopted the modern trend on premises liability as expressed in the Restatement (Second) of Torts § 343A(1) (1965). Id. at 389–90. The Kentucky Supreme Court explained its newly-adopted position as follows:

> A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, *unless the possessor should anticipate the harm despite such knowledge or obviousness.*

Id. at 389 (citation omitted). The Supreme Court then elaborated by stating that there are cases where a land possessor "can and should anticipate that the dangerous condition will cause physical harm to the invitee notwithstanding its known or obvious danger." Id. "Such reason to expect harm to the visitor from known or obvious dangers may arise, for example, where the possessor has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious, or will forget what he has discovered, or fail to protect himself against it." Id. at 389-390 (citing Restatement (Second) of Torts § 343A(1)(1965)(cmt. f)). "Such reason may also arise where the possessor has reason to expect that the invitee will proceed to encounter the known or obvious danger because to a reasonable man in his position the advantages of doing so would outweigh the apparent risk." Id. Accordingly, under the holding of McIntosh, the Court must engage in a two part analysis. First, the Court must determine whether the condition on the premises was a known or obvious condition. Second, if there is a known or obvious condition, the Court must then determine whether the injury was nonetheless foreseeable.

*a. Known or Obvious Condition*

To begin this analysis, the Court must determine whether the condition of the floor mat at the entrance to the Cave City Post Office was known or obvious to a reasonable person in the position of the Plaintiff. Plaintiff argues that since the weather was clear and no precipitation had fallen for more than seven hours prior to the incident, a person could not expect a weather rug to be present at the entry way of the post office and, thus, the mat was not obvious. The term "obvious" has been defined to mean "'that both the condition and the risk are apparent to and would be recognized by a reasonable man in the position of the visitor exercising ordinary perception, intelligence and judgment.'" Lucas v. Gateway Community Services Organization, Inc., 343 S.W.3d 341, 345 (Ky. App. 2011)(quoting Bonn v. Sears, Roebuck & Co., 440 S.W.2d 526, 529 (Ky. 1969)). Plaintiff has failed to present any affirmative evidence raising a genuine dispute of material fact regarding the open and obvious nature of the mat in question. Viewing the obviousness of the condition of the mat from the position of the Plaintiff, the Plaintiff admitted in her deposition testimony that she was familiar with the premises from earlier visits, including the entryway and the mat, that nothing was blocking her vision of the area where she fell, that the fall occurred in daylight and good weather, and that had she been looking down to see where she was stepping she would not have fallen. Additionally, the record reflects that the mat at issue is an all-weather mat. Clearly, the condition and the risk of the mat would have been apparent to and would be recognized by a reasonable person in the position of Plaintiff exercising ordinary perception, intelligence, and judgment. Id. See also Bentley v. Bentley, 2012 WL 5308472, *5 (Ky. App. 2012).

*b. Foreseeable*

Having concluded that the condition of the mat was obvious, the Court must now determine

whether the injury was nonetheless foreseeable. The Kentucky Supreme Court in McIntosh detailed three circumstances where injuries are foreseeable–and thus where land possessors owe a duty to invitees despite the obviousness of a condition. Id. at 393. First, a land possessor owes a duty when it is foreseeable that an invitee may be distracted from the danger. For example, the hospital owed the paramedic a duty in McIntosh since it was foreseeable that the paramedic would be focused on critically-ill patients and distracted from the curb when approaching the emergency room's doors. Id. (citing Restatement (Second) of Torts § 343A cmt. f (1965)). Second, a land possessor owes a duty when it is foreseeable that an invitee may forget the danger previously discovered. The evidence in McIntosh, for example, showed that the emergency room entrance was different from other entrances in the region, and the high-stress nature of the paramedic's job could have caused her to forget that the particular entrance was different. Id. at 394. Third, a land possessor owes a duty when it is foreseeable that an invitee may choose to encounter the danger because the advantages of doing so outweigh the apparent risks. For example, in McIntosh, the benefits of the paramedic rushing to the door at the risk of falling outweighed the costs of her failing to do so (i.e. the patient's condition worsening). Id.

The Court of Appeals interpretation of these factors in Lucas v. Gateway Community Services Organization, Inc. is likewise instructive. In Lucas, an invitee brought suit after she tripped when moving from a parking lot's blacktopped portion to its graveled area. 343 S.W.3d 341, 342 (Ky. App. 2011). The plaintiff in Lucas claimed to have been distracted because she was looking for her car when she tripped and fell on the gravel. Despite this argument, the Kentucky Court of Appeals granted summary judgment, finding that:

> Unlike the plaintiff in McIntosh, Lucas was not distracted by some outside force, such as rushing an ill patient into the hospital. As Gateway and Stacey point out,

8

> Lucas was not acting under time-sensitive or stressful circumstances. Rather, she was following her friend into the parking lot that she admitted she was familiar with and that she admitted to using caution to walk on when she visited the premises.

Id. at 346. See also Moore v. St. Joseph Health System, Inc., 2012 WL 1886660, *4 (Ky. App. May 25, 2012).

In the present case, Plaintiff claims that evidence exists that could lead a reasonable jury to conclude that she was distracted by outside forces, that she may have forgotten a danger previously discovered, or that she chose to encounter the danger because the benefit outweighed the risk. Specifically, in response to the motion for summary judgment, Plaintiff contends that a jury could believe that she was distracted because she had to open the door to enter the post office or because she was looking out for other customers who might be exiting the building, that she might have forgotten about the mat's location, or that she might have chosen to encounter the danger because the advantages outweigh the apparent risks. However, her claims are not supported by the record.

As in Lucas, there is no evidence that Plaintiff was distracted from her "duty to act reasonably to ensure her own safety, heightened by her familiarity with the location and the . . . open and obvious nature of the danger." McIntosh, 319 S.W.3d at 395. See also Bentley v. Bentley, 2012 WL 5308472, *6 (Ky. App. 2012); Lucas, 343 S.W.3d at 346; Smith v. Grubb, — S.W.3d —, 2012 WL 2160192, *10 (Ky. App. June 15, 2012); Shelton v. Kentucky Easter Seals Soc., Inc., 2011 WL 2496182, *3 (Ky. App. 2011). The record reflects that Plaintiff was very familiar with the entrance to the post office and the location of the mat. She visited the post office approximately five days a week. Moreover, there was nothing blocking her view of the doorway or the mat in question, and she openly admitted that she could have seen any alleged problem with the mat had she looked down at it when she entered the facility. Unlike the plaintiff in McIntosh, Plaintiff was not

9

distracted by some outside force, such as rushing an ill patient into the hospital. Neither is there any evidence that her view was obstructed or that she was under some time-sensitive or stressful circumstances. In fact, it is undisputed that Plaintiff was not carrying any large packages, did not encounter other customers upon entering the facility, and was not hampered by the weather. (Key Dep. at 31-40.) She simply failed to exercise ordinary care for her own safety. Bentley, 2012 WL 5308472, *6; Lucas, 343 S.W.3d at 346; Smith, 2012 WL 2160192, *10. Further, Plaintiff presents no evidence from which a reasonable jury could conclude that she forgot about the danger previously encountered or that she chose to encounter the danger. Based upon the foregoing analysis, the Court concludes that summary judgment is proper on Plaintiff's premises liability claim.

## IV. Conclusion

For the reasons set forth above, **IT IS HEREBY ORDERED** that the Defendant's Motion for Summary Judgment [DN 35] is **GRANTED**. A Judgment will be entered consistent with this Opinion.

cc: counsel of record